**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jay D.,

          Plaintiff,

v.

Frank Bisignano, *Commissioner of Social Security*,

          Defendant.

No. 0:24-cv-1948 (KMM/JFD)

**ORDER**

This matter is before the Court on Plaintiff Jay D.'s Motion for Attorney's Fees under 42 U.S.C. § 406(b).[1] (ECF No. 21.) The Court previously approved the parties' stipulation for attorney's fees under the Equal Access to Justice Act ("EAJA") totaling $8,500.00. (ECF No. 20.) Plaintiff's counsel now seeks an award of $15,261.50, which represents less than 25 percent of the past due benefits that Plaintiff obtained after this

---

[1] Six weeks after filing this Motion, Plaintiff's counsel filed a Motion to Request Ruling on Pending Attorney's Fees because the original motion for fees "ha[d] been pending for thirty (30) days or longer." (ECF No. 26.) Plaintiff's counsel did not ask the Court for expedited handling of the original motion and, instead, indicated that he filed the second motion "solely to respectfully request that the Court rule on the pending fee matter at its convenience." (*Id.*) This motion was unnecessary and is denied as moot.

1

matter was remanded to the Social Security Administration ("SSA").[2] Defendant Commissioner Frank Bisignano does not object to an award of fees under § 406(b) and takes no position on the reasonableness of the fees sought, only reminding the Court that, should § 406(b) fees be awarded, Plaintiff's counsel must return the amount of the EAJA award back to Plaintiff. (ECF No. 25.)

Under 42 U.S.C. § 406(b), the Court may award a "reasonable fee" to a successful claimant's counsel for work performed before the Court, in an amount no greater than 25% of the total past-due benefits awarded to the claimant. Counsel for a successful claimant must "show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court has an independent obligation to determine whether an attorney's fee award in amount requested is reasonable. *Id.* at 808.

First, the Court finds that counsel's representation of Plaintiff was successful because it resulted in an award of past-due disability benefits. 42 U.S.C. § 406(b)(1)(A) (indicating that fees are available when there is "a judgment favorable to the claimant"); *Smith v. Kijakazi*, No. 19-cv-01571 (SRN/HB), 2023 WL 3580817, at *2 (D. Minn. May

---

[2] Plaintiff's total award of past-due benefits was $63,846.00, of which 25 percent equals $15,961.50. (ECF No. 23-1 at 3–4.) Counsel for Plaintiff in this Court, Konoski & Partners, P.C., requests compensation solely for court-level representation under 42 U.S.C. § 406(b). The fee requested here represents approximately 23.9 percent of Plaintiff's past-due benefits, which falls below the 25 percent statutory cap applicable to court-level fees. 42 U.S.C. § 406(b)(1)(A). While SSA separately withheld $9,200 of Plaintiff's past-due benefits to pay an appointed representative for work performed before the Agency (ECF No. 23-1 at 3), the 25% cap under § 406(b) is limited to court-level fees. *Culbertson v. Berryhill*, 586 U.S. 53, 57 (2019).

22, 2023) (awarding fees under § 406(b)(1)(A) where counsel secured past-due disability benefits for claimant).

Next, the Court finds that Plaintiff's counsel seeks fees that are reasonable: the fees requested comport with the contingency agreement between Plaintiff and his counsel (ECF No. 23-1 at 7 (setting cap on contingent fee at 25% of past-due benefits)), and agreements of this kind "are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800.

Finally, the Court finds that the full award of requested fees would not be so "large in comparison to the amount of time counsel spent on the case" as to warrant a reduction. *Id.* at 808. Indeed, given the hours Plaintiff's counsel devoted to this case, their contingency award results in an hourly rate of $403.74,[3] which is reasonable given Plaintiff's counsel's experience and the risk of receiving no compensation at all. *See Thalassa R. v. O'Malley*, No. 21-cv-02696 (KMM/ECW), 2024 WL 5359851, at *3 (D. Minn. Dec. 6, 2024)

---

[3] This figure is derived by dividing the total fee requested ($15,261.50) by the total hours billed (37.8), as reflected in the billing time sheet submitted by counsel. (ECF No. 23-1 at 10.)

(holding an effective billing rate of $431.91 per hour to be reasonable), *R&R adopted sub nom. Thalassa R. v. Colvin*, 2025 WL 307417 (D. Minn. Jan. 27, 2025).[4]

Attorneys may collect fee awards for the same work under both the EAJA and 42 U.S.C. § 406(b), but the attorney must "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985)) (cleaned up). Here, the fee awarded under EAJA is less than that awarded under § 406(b), so Plaintiff's counsel must refund Plaintiff the previously awarded EAJA fee. The Court declines Plaintiff's counsel's request to indirectly refund the EAJA fee award by simply reducing the fees sought under § 406(b) by the $8,500 previously awarded under the EAJA. *See Thalassa R.*, 2024 WL 5359851, at *3 (rejecting the indirect refund method).

Consistent with the foregoing, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 21) is **GRANTED**. The Court awards $15,261.50 in fees under 42 U.S.C. § 406(b).

2. Within 30 days of this Order, the government shall pay Plaintiff $15,261.50 in fees pursuant to 42 U.S.C. § 406(b). The award shall be paid directly to Plaintiff's counsel.

3. Upon receipt of the fees awarded in this Order, Plaintiff's counsel must refund the $8,500.00 in previously awarded EAJA attorney's fees to Plaintiff.

---

[4] It is unclear if Plaintiff's counsel also seeks fees for the work completed by his paralegal. (*See* ECF No. 23-1 at 10.) Because it has no impact on the outcome of this Motion, the Court declines to determine whether such an award is appropriate in this context. *Cf. Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994) (affirming EAJA award that included compensation for paralegal time). *But see George V. v. Bisignano*, No. 19-cv-145 (SGE), 2026 WL 735027, at *2 (D. Minn. Mar. 16, 2026) ("The Court has not found an instance in this District wherein a court considered paralegal time along with attorney time for fees under § 406(b), consequently the Court excludes paralegal time from its analysis.").

5

4.  Plaintiff's Motion to Request Ruling on Pending Attorney's Fees (ECF No. 26) is **DENIED as moot**.


Date:  April 29, 2026

　　　　　　　　　　　　　　　　　　　　_s/Katherine Menendez_
　　　　　　　　　　　　　　　　　　　　Katherine Menendez
　　　　　　　　　　　　　　　　　　　　United States District Judge